# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**JUDGMENT IN A CRIMINAL CASE**

**UNITED STATES OF AMERICA**
v.

CASE NO. 3:01CR200 (AWT)

**JOHN N. BUTLER**
**4294 Hempstead Court**
**Kennesah, GA 30144**

2005 FEB 17 P 4:44

<u>Mark D. Rubino</u>, Assistant U.S. Attorney

<u>Richard S. Cramer, Esquire</u>
Defendant's Attorney

The defendant pled guilty to count **one** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **one**, which involves the following offense:

Title & Section: **21:846**                               Count: **one**
Nature of Offense: **Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine**
Date Offense Concluded: **7/21/2000**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court concluded that a "Guidelines sentence," as opposed to a "non-Guidelines sentence," see <u>United States</u> v. <u>Crosby</u>, 2005 WL 240916 (2nd Cir.), was appropriate in this case. In determining the applicable Guidelines range, the court departed downward pursuant to U.S.S.G. § 4A1.3. The court departed from Criminal History Category II to Criminal History Category I because it concluded that Criminal History Category II substantially over-represents the likelihood that the defendant will commit further crimes. The court based this conclusion on the following facts: The defendant's three criminal history points are attributable to a single conviction in 1986; although the defendant has numerous convictions during the period from 1975 to 1987, they were all the product of his heroin addiction, which he has overcome; the offense of conviction was committed when the defendant was in a very difficult financial situation and trying to keep his family from losing its home; and the evidence presented at the sentencing hearing demonstrated in clear and convincing terms that the defendant is a man whose character has been transformed since the time he committed the offense of conviction. The court made no finding with respect to the defendant's request for a downward departure on the basis of an extraordinary effort at rehabilitation.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of **60 months, with credit for time served.** Upon release from custody, the defendant shall be on supervised release for a term of **three years.** Special conditions of supervised release shall be as follows: **1) the defendant shall participate in a substance abuse treatment program, which may be either inpatient or outpatient, and may include random testing, and the details as to the selection and schedule of the program shall be approved by the U.S. Probation Office; the defendant shall pay all or part of the costs associated with substance abuse treatment, based on his ability to pay as approved by the U.S. Probation Office; and 2) the defendant shall obtain and maintain full-time employment.** The court recommends to the Bureau of Prisons: **1) that the defendant be designated to a federal facility as close as possible to Atlanta, Georgia to facilitate visits from family members, who include young children; and 2) that the defendant be allowed to enroll in the 500 Hour Intensive Drug Treatment Program. On March 15, 2005,** the defendant shall voluntarily surrender to the U.S. Marshal in the district of Georgia, or at such other time and place designated by the Bureau of Prisons.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the attached are imposed.

Count **two** is hereby dismissed as to the defendant on the motion of the United States.

It is ordered that the defendant shall pay a special assessment of **$100** for count **one**, which shall be due **immediately.**

<u>February 15, 2005</u>
Date of Imposition of Sentence

Alvin W. Thompson, United States District Judge
Date: **February 17, 2005**

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.


_____
John F. Bardelli
United States Marshal

By:_____
    Deputy Marshal