UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 3:01CR200AWT |
| V. | |
| JOHN BUTLER, et al. | |

### EMERGENCY MOTION TO EXTEND SELF-SURRENDER DATE

DEFENDANT, JOHN BUTLER, files this motion to extend the self-surrender date in proper person and states:

1. Defendant respectfully requests that the Court temporarily postpone his self-surrender scheduled for March 15, 2005 at the Atlanta Satellite Camp.

2. On February 15, 2005, after sentencing of Defendant, the court advised that the defendant had ten (10) days to file any objection to the sentencing.

3. On February 25, 2005, Defendant did file within the prescribed time frame, a Motion To Modify Sentence seeking to preserve the defendant's right to seek the safety valve provision, therefore preserving his right to argue the legality of defendant's sentence.

4. On Monday March 7, 2005, The United States Supreme Court handed down a decision in Shepard v. United States, which may directly affect defendant's possible inaccurate initial Criminal History Category assignment by the government and probation department; which assignment made defendant ineligible for the safety valve provision.

5. Should this Court be in agreement with the majority opinion found by the Supreme Court Of The United States, then defendant may very well be entitled to the safety valve provision he seeks.

6. Should this Court find that the defendant is entitled to, or qualifies for, the safety valve provision, defendant's sentence could be reduced below the minimum mandatory sentence.

7. Defendant is filing a motion to vacate the judgments and sentences in the Connecticut state cases that were used against him in the government's pre-sentence investigation. The basis for this motion is that defendant was denied counsel, effective assistance of counsel, and was himself, at the time, incompetent to waive his rights and enter into any plea. Defendant will

---

[Handwritten annotation along left margin:]

The Clerk shall treat this copy as the original and it is hereby DENIED. Shepard v. United States is inapposite to this matter. The defendant's three criminal history points, which make him ineligible for the safety valve, are a product of the fact that he was sentenced to 3 years in jail, a fact that is undisputed and in any event determined by the type of information that passes muster under Shepard. The fact that the defendant is now seeking to vacate the sate court conviction does not change the fact that he had that conviction on the day sentence was imposed. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT
3/14/2005

Page (2)

supplement this motion with a copy of the above state pleadings and supporting memorandum of law.

    8. Additional time is now needed to research this decision, relevant State and Federal case law, and to prepare memorandum mentioned above. It is submitted that an additional 30 to 60 days would allow for the state matter to be heard and ruled on.

    9. Defendant requests this court to review the recent Supreme Court decision in Shepard v. United States for applicability to this case.

    WHEREFORE, defendant moves this court to postpone the defendant's March 15, 2005 self-surrender date, until proper judgment of this recent Supreme Court decision has been accurately adjudicated; and to allow time to determine whether defendant is entitled to further relief from the sentence imposed.

    I HEREBY CERTIFY that a true copy hereof has been faxed this 11th ady of March 2005 to the court and mailed/faxed to the U.S. Attorney's Office, P.O. Box 1824, New Haven, CT 06510. The original hereof has been mailed to the clerk's office.

Respectfully Submitted,

JOHN N. BUTLER
4294 Hempstead Ct. NW
Kennesaw, Ga. 30144

_John N. Butler_
John N. Butler, *Pro Se*